256-07/DPMJ/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
OLD HAVEN SHIPPING INC.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
OLD HAVEN SHIPPING INC.,                    07 CV _____  (    )

              Plaintiff,

                                        **VERIFIED COMPLAINT**

    -against -

LION BABYLON GENERAL TRADING FZCO,

             Defendant.
------------------------------------------------------------------x

      Plaintiff OLD HAVEN SHIPPING INC. ("OLD HAVEN"), by and through its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant LION BABYLON GENERAL TRADING FZCO ("LION BABYLON"), alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, et seq. and / or the Arbitration Act, 9 U.S.C. §1 et seq. and /or §201 et seq. and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

      2.    At all times relevant hereto, Plaintiff OLD HAVEN was and still is a business entity organized and existing under the laws of the Marshall Islands, with an office located at c/o Maref Shipping Ltd., 33, Nileos Street, Thiseio Athens, 118 51, Greece.

NYDOCS1/282944.1                                  1

3. At all times relevant hereto, Defendant LION BABYLON was and still is a business entity organized under the laws of a foreign country with an office located at P.O. Box 32671, Dubai, United Arab Emirates.

4. On or about August 17, 2006, Plaintiff OLD HAVEN, as owner, and Defendant LION BABYLON, as charterer, entered into a maritime contract of charter party on a GENCON form for the use and operation of the M/V PEARL ("the Charter Party").

5. Plaintiff OLD HAVEN duly tendered the vessel into service of LION BABYLON and has fulfilled all its obligations under the Charter Party.

6. The Charter Party covered a voyage from Kandla, India to Umm Qasr, Iraq involving the transportation of bagged cement.

7. During the performance of the above voyage, Defendant incurred demurrage and other expenses, for which it is liable to Plaintiff under the terms of the Charter Party. The amount of demurrage and other charges incurred by Defendant LION BABYLON and owed to Plaintiff OLD HAVEN totals $98,128.30.

8. Plaintiff OLD HAVEN demanded payment from LION BABYLON for the aforementioned outstanding claim. Despite having made due demand, however, Defendant LION BABYLON, in breach of the Charter Party with OLD HAVEN, refused or otherwise failed to pay.

9. The Charter Party provides that it is to be governed by English law and all disputes between the parties are to be resolved by arbitration in London. Plaintiff OLD HAVEN has commenced arbitration proceedings in London and expressly reserves herein its right to arbitrate the merits of its claim against LION BABYLON in accordance with the agreement of the parties.

10. This action is brought to obtain jurisdiction over the Defendant LION BABYLON and to obtain security in favor of Plaintiff OLD HAVEN in respect to its claim against LION BABYLON and in aid of London arbitration proceedings.

11. This action is further brought to obtain security for any additional sums to cover Plaintiff OLD HAVEN's anticipated costs in the arbitration and interest, all of which are recoverable under English law and the rules as applicable to London Arbitration.

12. Upon information and belief, and after investigation, Defendant LION BABYLON cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant LION BABYLON at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

13. As nearly as presently can be computed, the total amount sought by Plaintiff OLD HAVEN to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendant LION BABYLON includes:

(a) Claim for outstanding demurrage and other charges in the sum of $98,128.30;

(b) Interest of $15,722.28 on the above sum, calculated at the rate of 7.5% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

(c) Attorneys' fees and costs to be incurred in London arbitration, which English solicitors estimate to be £4,375.00, or $8,699.90 (at the exchange rate of 1GBP = 1.9885 USD).

14. Based upon the foregoing, Plaintiff OLD HAVEN therefore seeks to attach the total sum of **$122,550.48** in this action.

WHEREFORE, Plaintiff OLD HAVEN SHIPPING INC. prays:

A. That process in due form of law according to the practice of this Court may issue against Defendant LION BABYLON GENERAL TRADING FZCO, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claims of $98,128.30 plus interest, costs and attorney fees;

B. That if Defendant cannot be found within the District pursuant to Supplemental Rule B, that all tangible and intangible property of Defendant, up to and including the claim of **$122,550.48** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein served;

C.  That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

D.  That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       May 9, 2007

                    FREEHILL HOGAN & MAHAR, LLP
                    Attorneys for Plaintiff
                    OLD HAVEN SHIPPING INC.

By: _____
     Don P. Murnane, Jr. (DM 3639)
     Manuel A. Molina (MM 1017)
     80 Pine Street
     New York, NY 10005
     (212) 425-1900
     (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York  )

DON P. MURNANE, JR., being duly sworn, deposes and says as follows:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Don P. Murnane, Jr.

Sworn to before me this
9 day of May, 2007

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010